**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

ELIZABETH VOLLENWEIDER-LEOS,

    Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

No. 07-CV-119-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

I.     *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.    *RELEVANT PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . *1*

III.   *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    A.    *Legal Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    B.    *Failure to Object to Attorney Fee* . . . . . . . . . . . . . . . . . . . *4*
    C.    *Calculation of Attorney Fee* . . . . . . . . . . . . . . . . . . . . . . *5*
        1.    *Hourly rate* . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        2.    *Number of hours* . . . . . . . . . . . . . . . . . . . . . . . . *6*
            a.    *Fees incurred before commencement of judicial action* . *6*
            b.    *Unnecessary motion practice* . . . . . . . . . . . . . . . *8*
            c.    *Other vague or excessive billing* . . . . . . . . . . . . . *9*
        3.    *Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*
    D.    *Costs* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

IV.   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

*I. INTRODUCTION*

The matter before the court is Plaintiff Elizabeth Vollenweider-Leos's "Application for Award of Attorneys' Fees" ("Motion") (docket no. 31).

*II. RELEVANT PROCEDURAL BACKGROUND*

On October 26, 2007, Plaintiff filed a Complaint (docket no. 1). Pursuant to 29

U.S.C. § 1132, a provision in the Employee Retirement Income Security Act of 1974 ("ERISA"), Plaintiff requested that the court order Defendant Hartford Life and Accident Insurance Company to restore her long-term disability ("LTD") income benefits under an insurance policy underwritten by Defendant.

On March 4, 2009, United States Magistrate Judge Jon Stuart Scoles issued a Report and Recommendation (docket no. 26). In the Report and Recommendation, Judge Scoles recommended that the undersigned remand the instant action to Defendant's plan administrator to reinstate Plaintiff's LTD benefits. Judge Scoles also recommended that the undersigned award attorney fees to Plaintiff. On March 18, 2009, Defendant filed Objections (docket no. 27) to the Report and Recommendation. On October 6, 2009, the court issued an Order (docket no. 29) in which it overruled all but one of Defendant's objections and adopted the Report and Recommendation as modified. The court permitted Plaintiff to file an application for attorney fees within ten days of the Order.

On October 15, 2009, Plaintiff filed the Motion. On October 29, 2009, Defendant filed a Resistance (docket no. 32). On November 9, 2009, Plaintiff filed a Reply (docket no. 35).

### III. ANALYSIS

Plaintiff asks the court to award her $45,281.50 in attorney fees and $1,498.80 in costs pursuant to 29 U.S.C. § 1132(g)(1) and Local Rule 54.1. Defendant argues that an attorney fee award would be improper under the principles outlined in *Lawrence v. Westerhaus*, 749 F.2d 494 (8th Cir. 1984) (per curiam). Alternatively, Defendant argues that the court should award Plaintiff a reduced amount of attorney fees.

#### A. Legal Background

Pursuant to 29 U.S.C. § 1132(g)(1), a court may award reasonable attorney fees and costs to either party. 29 U.S.C. § 1132(g)(1) ("In any action under this subchapter [. . .] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a

2

reasonable attorney's fee and costs of action to either party."). "More than two decades ago, [the Eighth Circuit Court of Appeals] adopted a multi-factor test for determining whether and to what extent a prevailing party should receive attorneys' fees in ERISA cases." *Kahle v. Leonard*, 563 F.3d 736, 743 (8th Cir. 2009) (citing *Westerhaus*, 749 F.2d at 496). These factors, known as the *Westerhaus* factors, are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees [. . .] could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Westerhaus*, 749 F.2d at 496.

The Eighth Circuit Court of Appeals "later modified the *Westerhaus* test, explaining that the enumerated factors are 'non-exclusive,' need not be 'mechanically applied,' and that district courts should consider 'other relevant considerations' when determining attorneys' fee awards." *Kahle*, 563 F.3d at 743 (citing *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002) (en banc)).

When considering whether to award attorney fees, a court should "'apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts.'" *Welsh v. Burlington N., Inc., Employee Benefits Plan*, 54 F.3d 1331, 1342 (8th Cir. 1995) (quoting *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984)). "[A]lthough there is no presumption in favor of attorney fees in an ERISA action, a prevailing plaintiff rarely fails to receive fees." *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1041 (8th Cir. 2006); *see also Martin*, 299 F.3d at 972 ("[F]ew, if any, fee awards have been denied a prevailing plaintiff in ERISA cases nationwide. This is true even though nine of the circuit courts of appeals did not employ any kind of presumption in favor of fees. Thus, the absence of a

presumption has obviously not doomed ERISA plaintiffs' attorney fee requests[.]"). In considering an attorney fee request, a district court should "bear[] in mind that 'a reduced fee award is appropriate if the relief, however insignificant, is limited in comparison to the scope of the litigation as a whole.'" *Delcastillo v. Odyssey Res. Mgmt., Inc.*, 431 F.3d 1124, 1132 (8th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)).

### *B. Failure to Object to Attorney Fee*

After determining that reinstatement of Plaintiff's LTD benefits was appropriate, the Report and Recommendation engaged in an attorney fee analysis. That analysis included consideration of the *Westerhaus* factors discussed above. *See* Report and Recommendation at 21-22 (reciting and applying *Westerhaus* factors). Judge Scoles concluded that an award of attorney fees was appropriate. The undersigned adopted the Report and Recommendation, including the award of attorney fees.

Defendant had the opportunity to object to an award of attorney fees. The Report and Recommendation advised the parties that, "pursuant to 28 U.S.C. § 636(b)(1)(B), [. . .] within ten (10) days after being served with a copy of these proposed findings and recommendations, any party may serve and file written objections with the District Court." Report and Recommendation at 22. The Local Rules provide: "A party who objects or seeks review or reconsideration of [. . .] a magistrate judge's report and recommendation must file specific, written objections to the order or report and recommendation[.] LR 72.1. However, when Defendant filed its Objections, it did not specifically object to an award of attorney fees. By failing to file a specific objection to an award of attorney fees, Defendant has waived its right to object to the propriety of an award of attorney fees under the *Westerhaus* factors. *Id.*; *see also United States v. McArthur*, 573 F.3d 608, 613 (8th Cir. 2009) (stating that a failure to object to a report and recommendation waived the right to de novo review by the district court).

Because the propriety of an attorney fee award has already been determined, the

4

court need not address this issue in the instant Order. Accordingly, the court turns to consider the amount of attorney fees warranted in this case.

### C. Calculation of Attorney Fees

"'The starting point for determining a reasonable attorney fee is the lodestar calculation, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (quoting *Fish v. St. Cloud St. Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (stating same). The party seeking the award should submit documentation supporting the requested amount, making a good faith effort to exclude hours that are excessive, redundant or otherwise unnecessary. *Hensley*, 461 U.S. at 433. In other words, counsel must exercise "billing judgment" and be mindful that "hours that are not properly billed to one's client also are not billed to one's adversary pursuant to statutory authority." *Id.* at 434.

> The court may consider the following factors in determining the lodestar amount:
>
> > (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*United Health Care Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 575 n.9 (8th Cir. 1996) (citing *Hensley*, 461 U.S. at 430 n.3).

The court first examines whether Plaintiff's attorneys' hourly rate is reasonable. Then, the court examines the number of hours expended.

### 1. *Hourly rate*

Defendant does not dispute the reasonableness of the hourly rates of Plaintiff's attorneys. In light of its familiarity with the billing rates in the area for ERISA cases, the court finds that Plaintiff's attorneys' hourly rates are reasonable. *See Hanig*, 415 F.3d at 825 ("When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates.").

### 2. *Number of hours*

Plaintiff's attorneys expended a total of 264.8 hours in the instant action. Defendant argues that the court should not award attorney fees for a substantial number of these hours. The court examines each of Defendant's arguments on the hours billed below.

#### a. *Fees incurred before commencement of judicial action*

Defendant argues that the court should not award fees for any hours billed prior to the drafting of the Complaint. Plaintiff asks the court to award her $3,768.30 for work completed prior to the drafting of the Complaint. This work includes general preparation for the filing of the Complaint, such as research and conferences with attorneys. These hours also include work related to an independent medical evaluation ("IME") by Dr. Dove from the University of Iowa Hospitals and Clinics.

First, Defendant argues that no fees should be awarded for these hours pursuant to *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999 (8th Cir. 2004). *Parke* discussed an award of attorney fees under § 1132(g)(1), which provides: "In any action under this subchapter [. . .] the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). *Parke* analyzed whether the phrase "any action" in § 1132(g)(1) "refers only to formal judicial actions, or whether [the Eighth Circuit Court of Appeals] should interpret it more broadly to encompass administrative proceedings that take place beforehand." *Parke*, 368 F.3d at 1010. The Eighth Circuit Court of Appeals concluded that, generally "'any action' in 29 U.S.C.

§ 1132(g)(1) does not extend to pre-litigation administrative proceedings." *Id.* at 1011.

*Parke* is not relevant to the instant analysis. The hours billed prior to the drafting of the Complaint are not related to the administrative proceedings. The administrative proceedings concluded on November 28, 2006, when Defendant denied Plaintiff's administrative appeal. The hours Defendant seeks to strike were billed by Plaintiff's attorneys from May 8, 2007 through September 19, 2007, well after the conclusion of the administrative proceedings. Such fees billed in preparation for a judicial action—not during the pendency of administrative proceedings—are generally recoverable under § 1132(g)(1). *See Chojnacki v. Georgia-Pac. Corp.*, 108 F.3d 810, 818 (7th Cir. 1997) (finding plaintiff was entitled to fees billed during attorney's review of claim prior to filing judicial action). Accordingly, the court finds that *Parke* does not bar Plaintiff from recovering fees billed prior to the drafting of the Complaint.

Second, Defendant argues that no fees should be awarded for these hours because they were unnecessary. A great deal of the pre-Complaint fees relate to the IME conducted by Dr. Dove. The necessity of this IME is unclear. At the time that Dr. Dove conducted the IME, the administrative record was closed and complete. The Eighth Circuit Court of Appeals has repeatedly held that, absent a showing of good cause, a district court should not consider evidence outside the administrative record, such as Dr. Dove's IME, when reviewing a denial of ERISA benefits. *Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan*, 476 F.3d 626, 631 (8th Cir. 2007); *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). Plaintiff did not ask the court to consider any matters outside the administrative record, and the administrative record does not contain any mention of Dr. Dove or the IME. Aside from an unsupported, conclusory statement that Dr. Dove's IME was necessary to Plaintiff's attorneys' understanding of Plaintiff's medical condition and her decision to challenge Defendant's decision, Plaintiff provides no evidence to support an award for attorney fees

related to Dr. Dove or the IME.

In light of the foregoing, the court shall deny the Motion to the extent it seeks an award of attorney fees for matters related to Dr. Dove and the IME. Timekeeper LRD billed 5.6 hours at a rate of $165 per hour, or $924, on these matters. Timekeeper DEN[1] billed 2.4 hours at $90 per hour, or $216, on these matters. This reduces of Plaintiff's attorney fee award by **$1140**.

### b. *Unnecessary motion practice*

Defendant argues that the court should not award fees billed to prepare and file a "Motion for Limited Discovery" (docket no. 14). Plaintiff filed the Motion for Limited Discovery after she received additional documents from Defendant. These additional documents related to Defendant's "special investigation unit in connection with [Plaintiff]'s claim for benefits." Resistance at 8. Before filing the Motion for Limited Discovery, Plaintiff failed to confer with Defendant about the subject of the Motion for Limited Discovery. This violates Local Rule 7.1, which provides: "All non-dispositive motions must contain a representation that counsel for the moving party has conferred in good faith with counsel for all other parties [. . .], and a statement of whether or not the other parties consent to the motion." LR 7.1

After Plaintiff filed the Motion for Limited Discovery, Defendant's counsel conferred with Plaintiff's counsel and agreed to allow the discovery. Defendant's counsel argues that, had Plaintiff's counsel conferred with him prior to filing the Motion for Limited Discovery, he would have agreed to the limited discovery and obviated the need for the Motion for Limited Discovery. The court agrees. Had Plaintiff's counsel followed the Local Rules, Plaintiff would not have incurred an additional 6.4 hours in attorney fees at a rate of $165 per hour, or $1056. Accordingly, the court shall reduce the amount of

---

[1] The court also notes that the attorney affidavits make no mention of timekeeper DEN.

fees claimed in conjunction with the preparation and filing of the Motion for Limited Discovery. This reduces Plaintiff's fee award by **$1056**.[2]

### c. *Other vague or excessive billing*

Defendant argues that the court should reduce the attorney fee award by an additional $10,318 because certain time entries reflect "vague" or "excessive" billing. Resistance at 12.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. "Plaintiff's counsel [. . .] is not required to record in great detail how each minute of his [or her] time was expended. But at least counsel should identify the general subject matter of his [or her] time expenditures." *Id.* at n.12. "Inadequate documentation may warrant a reduced fee." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). "Incomplete or imprecise billing records preclude any meaningful review by the district court of the fee application for 'excessive, redundant, or otherwise unnecessary' hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim." *Id.* (quoting *Hensley*, 461 U.S. at 434, 437 n.12).

First, Defendant identifies time entries that it believes are too vague to warrant an award of attorney fees. The court agrees that the following time entries are too vague or imprecise to warrant fees: (1) .2 hours on December 10, 2007 for "Telephone conference with client"; (2) 1.4 hours on January 15, 2008 for "work on file, determine deadline"; (3) .8 hours on February 7, 2008 for "[f]urther work on file and appeal"; (4) 1.4 hours on April 2, 2008 for "[r]eview of additional documents prior to drafting of brief"; (5) .7 hours on July 3, 2008 for "[a]dditional work done in relation to the receipt of Defendant's brief"; and (6) .7 hours on July 23, 2008 for "[s]ubsequent case law research." Exhibit

---

[2] This amount includes fees related to the preparation of the Motion for Limited Discovery billed from March 6, 2008 through March 19, 2008.

A (docket no. 31-1), at 4-15.[3] In each instance, the billable rate was $165 per hour. These entries are too vague to support an award of attorney fees because they fail to identify the nature or purpose of the work performed. Accordingly, the court shall decrease the amount of fees to be awarded in an amount equal to the time entries set forth above; that is, **$858**.

Second, Defendant argues that Plaintiff should not be allowed to recover attorney fees entered for the following timekeepers: RZH, Susan and Amanda. Defendant argues that the attorney affidavits make no reference to work performed by these individuals. The attorney billing records indicate that, although Susan and Amanda worked on the case, they did not charge the client any fees. Because there are no attorney fees to award for these particular timekeepers, the court shall not award any. Timekeeper RZH billed a total of $423 in the instant action. Plaintiff bears the burden to show that she is entitled to an award of attorney fees, and absent evidence that a specific timekeeper is entitled to award for attorney fees, the court shall not award them. Accordingly, the court declines to award fees incurred by timekeeper RZH and shall reduce the attorney fee award by **$423**.

Third, Defendant argues that a number of time entries are excessive. Defendant identifies time entries devoted to the preparation and filing of the parties' "Scheduling Order for a Claim-Review Case Filed Under ERISA" ("Scheduling Order") (docket no. 9). The Scheduling Order, prepared jointly by the parties, is one page long and sets forth four proposed filing deadlines. Plaintiff's attorneys devoted 4.5 hours to the preparation of this document at the rate of $165 per hour. The court finds that the amount billed for this task is excessive and shall reduce the amount claimed for the preparation of the Scheduling Order by 2.5 hours. This reduces the amount of the attorney fee award by

---

[3] Defendant argues that additional time entries are too vague to form the basis for an award of attorney fees. After reviewing the time entries at issue in the context of the billing record as a whole, the court finds that the additional billing entries Defendant identified are sufficient and identify the nature and purpose of the work performed.

**$412.50**. This brings Plaintiff's attorney fee award to **$41,392**.

Defendant argues that a number of other time entries related to case law research and writing are excessive. After reviewing these time entries, the court agrees that the amount of fees sought are slightly excessive; however, the court recognizes that this case was factually complicated. Attorneys are expected to conduct diligent, thorough research. Devoting time to research and understand the cases Defendant cited in its brief is a reasonable task, although the time expended on it is slightly higher than it should be. The court is familiar with the parties' briefing and finds that Plaintiffs' briefs did not contain superfluous arguments or facts. Stated another way, the court finds that the slightly high amount of time spent researching and writing is reflected in the thoughtful and thorough composition of Plaintiff's briefs and arguments. Although the court shall decrease the amount of attorney fees awarded because they are excessive, the decrease shall be limited to 5%. This shall reduce Plaintiff's attorney fee award by **$2069.60**. This brings Plaintiff's attorney fee award to **$39,322.40**.

### 3. *Summary*

As stated in the Report and Recommendations and the Order, an award of attorney fees is appropriate in this case. After considering the amount of attorney fees appropriate in the instant action, the court shall award Plaintiff **$39,322.40**.

### D. Costs

Plaintiff also asks the court to award her $1,489.80 in costs. The court previously stated that an award of costs was permitted in this case. However, Plaintiff failed to comply with the procedure set forth in Local Rule 54 for the taxation and payment of costs. Local Rule 54.a.1.A provides: "Within 14 days after entry of judgment, a party entitled to recover costs must complete and file a form A.O. 133. Failure to file the form by this deadline constitutes a waiver of the right to have costs taxed." Judgement entered on October 6, 2009. To date, Plaintiff has not filed A.O. 133. This constitutes a waiver

of Plaintiff's right to obtain costs. Accordingly, the court shall deny Plaintiff's request for costs.

## IV. CONCLUSION

In light of the foregoing, **IT IS ORDERED THAT**:

(1) The Motion (docket no. 31) is **GRANTED IN PART**;

(2) Defendant is hereby ordered to pay **$39,322.40 in attorney fees** within 30 days of the date of the instant order;

(3) Plaintiff's request for costs is **DENIED**; and

(4) The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED** this 1st day of February, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA